**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DERRICK JONES** **PETITIONER**

**V.** **CIVIL ACTION NO. 3:18CV858 HTW-LGI**

**WARDEN C. RIVERS** **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Jones filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently incarcerated in the custody of the Bureau of Prisons serving a 120-month term of imprisonment imposed by the United States District Court for the District of South Carolina for possession of a firearm and ammunition. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be dismissed for failure to exhaust, or alternatively on the merits.

Jones asserts that his federal sentence is being unlawfully executed because the BOP has failed to apply a retroactive or *nunc pro tunc* designation to his prison term. At the time of sentencing, Jones was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, and the federal sentencing order did not specify whether his federal sentence would run consecutively or concurrently to any other sentence. A "*nunc pro tunc*" designation allows the BOP to designate a state institution as the place for service of a federal sentence, effectively making the federal sentence concurrent to a later-imposed state sentence. A designation in this case would have resulted in Jones being

released on September 12, 2019. Jones requests that this Court enter an order directing BOP to credit his federal sentence with all time served. Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added). Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Substantial compliance with administrative procedures does not suffice. *Id.* However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*,

---

[1] ECF No. 12-1, pp. 5-7

239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The BOP establishes a four-step administrative remedies process for inmates seeking formal review of issues relating to their confinement. 28 C.F.R. §§ 542.10–542.19. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 days of the Warden’s response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director’s response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

Jones concedes his failure to exhaust. But, liberally construed, he maintains that completing BOP’s administrative remedies process would have been futile. Specifically, Jones states that prior to filing his petition, he brought his claim to the attention of BOP’s Designation and Sentence Computation Center (“DSCC”), which in turn, contacted the sentencing judge for his position on a concurrent sentence by retroactive designation. According to Jones, he was not required to exhaust BOP administrative remedies because the DSSC had already handled his claim. Jones argues that Respondent “mistakenly

assume[s] that an administrative remedy at the institutional level could challenge DSCC's finding."[2]

An inmate must complete all steps in the administrative remedies process, even if the relief he seeks cannot be granted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hayward v. Upton*, 777 F. App'x 117 (5th Cir. 2019) (quoting *Fuller*, 11 F.3d at 62). The petitioner bears the burden of demonstrating the futility of administrative review. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (citing *Fuller*, 11 F.3d at 62). Jones has not shown or alleged that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62.

Even if Jones had exhausted his administrative remedies, he would not prevail on the merits of his claim. *See Adams v. Morrison*, 84 F. App'x 419, 420 (5th Cir. 2003) (unpublished) (affirming on the merits where the petitioner also failed to exhaust his administrative remedies). A *nunc pro tunc* "designation 'shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system.'" *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). The records submitted by Jones himself reveal that the federal sentencing court gave the

---

[2] ECF No. 12, p. 2.

following response when contacted by BOP for clarification on a *nunc pro tunc* designation:

> I have reviewed Mr. Jones's file, including his presentence report, to refresh my memory regarding his case and his sentence. It is my intention that the federal sentence run <u>consecutive</u> to the state term.[3]

Given the sentencing court's express intention that Jones's federal sentence run consecutively to a state sentence, the BOP did not err in failing to grant his request for a *nunc pro tunc* designation. *Puga v. Sherrod*, 462 F. App'x 470, 473 (5th Cir. 2012). By contacting the district court, the BOP fulfilled its obligation to consider Jones's request and its determination is "entitled to substantial deference." *Fegans*, 506 F.3d at 1105. It can only be overturned if a petitioner shows that the denial is an abuse of discretion. *Id.* No such showing has been made here.

Jones's claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that Jones's petition be denied on the merits or, alternatively, dismissed without prejudice for failure to exhaust administrative remedies.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and

[3] ECF No. 12-1 (emphasis in the original).

Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 14, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE